UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MYRIAM MARINO<br>Plaintiff<br><br>v.<br><br>EGS ELECTRICAL GROUP, LLC, OZ GEDNEY COMPANY, LLC,<br>Defendants | Civil No. 3:12-cv-00518-JBA<br><br><br><br><br>APRIL 29, 2013 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rules 7 and 56 of the Local Rules of this Court, Defendants EGS Electrical Group, LLC and OZ Gedney Company, LLC (collectively, "Defendants" or the "Company") move for summary judgment dismissing Plaintiff Myriam Marino's five-count First Amended Complaint, dated June 18, 2012, in its entirety. Filed simultaneously herewith in support of Defendants' Motion for Summary Judgment is its Memorandum of Law in Support of this Motion, its Local Rule 56(a)(1) Statement, and the Affidavit of Alison Jacobs Wice, with documentary exhibits attached thereto.

Plaintiff's claims of discrimination based on race, national origin and/or gender pursuant to Title VII of the Civil Rights Act of 1964, the Connecticut Fair Employment Practices Act (CFEPA) and Section 1981 fail because the undisputed facts demonstrate that Plaintiff cannot carry her ultimate burden of proving discrimination. There is no evidence of animus on the basis of Plaintiff's race and/or national origin (Hispanic/Puerto Rican) or gender (female); and no evidence of preferential treatment given to similarly situated non-Hispanic and/or male employees. It is undisputed that Plaintiff was treated in the same manner as three other employees, who are not Hispanic and two of whom are male, but like Plaintiff were counseled

1

regarding their conduct toward co-workers. There is simply no basis from which discrimination may be inferred.

Plaintiff's claim of discriminatory harassment also fails because the alleged conduct of Plaintiff's co-worker on which such claim is based was directed at Plaintiff, two males – one Caucasian and one African American, and was not based on Plaintiff's race, national origin or gender; nor was such alleged conduct objectively and subjectively offensive on the basis of any protected characteristic. Indeed, Plaintiff and her male non-Hispanic cohorts objected to the alleged isolated incidents of conduct not as discriminatory, but as strange and intimidating.

Plaintiff's claim of retaliation under Title VII, CFEPA and Section 1981 likewise fails because Plaintiff did not engage in protected activity. Even if Plaintiff's alleged report of a stray, hearsay remark by a co-worker referring to Plaintiff's national origin and/or gender could be considered protected activity, there is no evidence that the reporting of that co-worker's alleged stray remark was the basis for Defendants' decision to discharge Plaintiff. It is undisputed that Plaintiff was treated in the same manner as three other employees who were not alleged to have engaged in protected conduct, but like Plaintiff were counseled regarding their conduct toward co-workers.

Finally, Plaintiff's state law claim alleging negligent retention and supervision is barred as a matter of law. The law does not permit a claim for negligence-based emotional distress based on conduct occurring in the course of continuing employment; and, to the extent she claims physical injury, Plaintiff's claim is barred by the Connecticut Workers' Compensation Act. Even assuming that Plaintiff can state a colorable claim under state law, which she cannot, this claim has no merit, as there is no evidence Plaintiff suffered actionable harm at the hands of her co-worker as a result of conduct about which the Company had any reasonable means to

know the co-worker might inflict, but failed to prevent.

For all of these reasons, as set forth more fully in Defendants' Memorandum of Law in Support of this Motion, there is no genuine dispute as to any material fact that requires a trial, and, therefore, Defendants request that the Court enter summary judgment in this case.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Summary Judgment.

>                   DEFENDANTS,
>                   EGS ELECTRICAL GROUP, LLC AND
>                   OZ GEDNEY COMPANY, LLC
>
>   By:    /s/ Alison Jacobs Wice
>          Robert Fischer (ct 01295)
>          Alison Jacobs Wice (ct 21771)
>          Kristi M. Rich (ct 28066)
>          Jackson Lewis LLP
>          90 State House Square, 8th Floor
>          Hartford, CT  06103
>          P: (860) 522-0404
>          F: (860) 247-1330
>          fischera@jacksonlewis.com
>          wicea@jacksonlewis.com
>          richk@jacksonlewis.com

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

This 29th day of April, 2013

Alison Jacobs Wice
Kristi M. Rich